UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ESTATE OF BRENT LEE HEATH, deceased, and MARIE JOYCE, as personal representative for the ESTATE OF BRENT LEE HEATH,<br><br>　　　　　　　　Plaintiffs,<br>　　v.<br><br>PIERCE COUNTY, a municipal corporation, and CARL SHANKS and JANE DOE SHANKS, and the marital community comprised thereof,<br><br>　　　　　　　　Defendants. | CASE NO. 3:19-cv-06119-RJB<br><br>ORDER ON VARIOUS DISCOVERY MOTIONS |

THIS MATTER comes before the Court on Defendants' Motion for Protective Order (Dkt. 25), Defendants' Motion to Exclude Plaintiffs' Expert Witness (Dkt. 27), and Plaintiffs' Motion to Compel Discovery (Dkt. 29).

The Court has considered the pleadings filed regarding the motions and the remaining file.

- 1

# I. BACKGROUND

## A. FACTS

This case arises out of the shooting death of Brent Lee Heath by Pierce County Deputy Carl Shanks after a vehicle pursuit. At the time of the shooting, Paul Pastor was the Pierce County Sheriff. *See* Dkt. 25. He has since retired. *Id.* Brent Bomkamp was and remains an undersheriff in Pierce County Sheriff's Department. *Id.* Undersheriff Bomkamp was involved in the department training curriculum, including the decision to remove a Powerpoint training slide on the use of force. Dkt. 32.

The operative case scheduling order (Dkt. 21) sets the following deadlines:

| Expert Witness Disclosure/Reports under FRCP 26(a)(2) due: | Feb. 2, 2021 |
| --- | --- |
| Motions related to discovery must be filed by: | March 22, 2021 |
| Discovery must be completed by: | April 12, 2021 |
| Dispositive motions filed by: | May 11, 2021 |
| Trial date | Aug. 9, 2021 |

On March 12, 2021, weeks after the expert witness disclosure deadline, Plaintiffs' counsel emailed Defense counsel that he wished to add gunsmith Jonathan Eby as an expert witness. Dkt. 27. On March 15, 2021, Defense counsel notified Plaintiffs' counsel that the disclosure was untimely. *Id.* at 3. On March 19, 2021, the parties held a Rule 26(f) discovery conference, but they did not reach a resolution. *Id.*

The parties have already engaged in significant discovery, including three depositions, and a Fed. R. Civ. P. 30(b)(6) deposition is scheduled. Dkt. 25.

## B. PENDING MOTIONS

Defendants move to strike Plaintiffs' motion to compel on the grounds that it is overlength. Dkt. 38. The three pending motions otherwise present three questions: (1) whether Plaintiffs may depose Undersheriff Brent Bomkamp; (2) whether Plaintiffs may depose retired

- 2

1  Sheriff Paul Pastor; and (3) whether Defendants must produce the firearm used in the shooting
2  for testing by Plaintiffs' late-disclosed expert, Jonathan Eby.
3       This order will be organized by issue, as opposed to motion, because the questions and
4  standards overlap.  The motion to strike will be addressed first.

## II.     DISCUSSION

### A. DEFENDANTS' MOTION TO STRIKE

Pursuant to Local Civil Rule ("LCR") 7(e)(6), "[t]he court may refuse to consider any text, including footnotes, which is not included within the page limits."

Despite Plaintiffs' motion to compel being overlength and formatted incorrectly, as required by LCRs 7(e)(4), 10(e)(1), and 11, the Court will consider Plaintiffs' motion. The issues have been adequately briefed, and Defendants have fully responded.

Defendants' motion to strike should be denied.

### B. DEPOSITIONS OF SHERIFF PASTOR AND UNDERSHERIFF BOMKAMP

"The district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  While the scope of permissible discovery under Fed. R. Civ. P. 26(b) is broad, a district court may issue a protective order prohibiting a deposition pursuant to Fed. R. Civ. P. 26(c) when "good cause is shown."  The party seeking the protective order "bears the burden of showing good cause for the order by demonstrating harm or prejudice that will result from the discovery." *Apple, Inc.* v. *Samsung Elec. Co., Ltd.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) (internal quotation omitted).

Courts recognize that high-ranking or "apex" employees may be at risk for abusive or harassing discovery requests. *K.R.C. v. Cnty. of Los Angeles*, No. CV 13-3806, 2014 WL 3434257, at *3 (C.D. Cal. 2014).  Under the "apex doctrine," a court may enter a protective order

pursuant to Rule 26(c) to shield high-ranking employees from being deposed and protect them from the risk of abusive or harassing discovery. *Id.* "In determining whether to allow an apex deposition, courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Apple*, 282 F.R.D. at 263 (internal quotation omitted). Essentially, the "closer that a proposed witness is to the apex of some particular peak . . . and the less directly relevant that person is to the evidence proffered in support of his deposition, the more appropriate the protections of the apex doctrine become." *Id*.

### 1. UNDERSHERIFF BOMKAMP

Defendants, as the party seeking the protection order, do not show that harm or prejudice will result absent a protective order. Undersheriff Bomkamp, who is a high but not the highest-ranking official in the sheriff's office, appears to have direct knowledge about the incident and relevant training decisions, including the decision to remove the use of force training slide. *See* Dkt. 32 at 4.

Therefore, as to Undersheriff Bomkamp, Defendants motion for a protective order should be denied, and Plaintiff's motion to compel should be granted.

### 2. RETIRED SHERIFF PASTOR

While the apex doctrine may apply to former as well as current officials, *Givens v. Newsom*, No. 2:20-cv-0852, 2021 WL 65878, at *6 – 7 (E.D. Cal. 2021), retired Sheriff Pastor is not so far removed from the facts of this case as to justify a protective order. Should he have only minimal evidence to give regarding the issues in this case, then the deposition should be short.

Therefore, as to retired Sheriff Pastor, Defendants motion for a protective order should be

denied, and Plaintiff's motion to compel should be granted.

### C. PLAINTIFFS' EXPERT JONATHAN EBY

Plaintiffs' disclosure of expert Jonathan Eby was both untimely and failed to include an expert report, as required by Fed. R. Civ. P. 26(a). Dkts. 27 and 44. According to Fed. R. Civ. P. 37(c), "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Plaintiffs have shown the failure to disclose Mr. Eby was substantially justified and good cause was shown to modify the scheduling order pursuant to Fed. R. Civ. P. 16(b)(4). Plaintiffs diligently sought but were unable to find a qualified firearms expert willing to testify until Mr. Eby agreed. Dkt. 44-1 at 8. The trial in this matter is set for August 9, 2021, which gives ample time to reopen limited discovery and will not cause prejudice to Defendants.

Therefore, as to Plaintiffs' expert witness Jonathan Eby, Defendants' motion to exclude should be denied, and Plaintiffs' motion to compel should be granted.

### D. CONCLUSION

Plaintiffs may depose retired Sheriff Pastor and Undersheriff Bomkamp, and discovery is reopened as to Plaintiffs' proposed expert witness Jonathan Eby only. The scheduling order (Dkt. 21) is modified accordingly.

### III.   ORDER

Therefore, it is hereby ORDERED:

- Defendants' Motion for Protective Order (Dkt. 25), Motion to Exclude Plaintiffs' Expert Witness (Dkt. 27), and motion to strike (Dkt. 39), which is in response to Plaintiffs' motion to compel, **ARE DENIED**;

- Plaintiffs' Motion to Compel Discovery (Dkt. 29) **IS GRANTED**;
- Discovery is reopened in regard to the witnesses Bomkamp, Pastor, and Eby only, and the scheduling order (Dkt. 21) **IS MODIFIED** as follows:
    - Depositions of retired Sheriff Paul Pastor and Undersheriff Brent Bomkamp, should Plaintiffs decide to pursue them, must be completed by May 7, 2021;
    - Examination of the firearm by Jonathan Eby must be completed by April 27, 2021, and should be subject to reasonable safeguards as agreed by counsel;
    - Mr. Eby's expert report under Fed. R. Civ. P. 26(a)(2)(B) must be filed by May 11, 2021;
    - Deposition of Mr. Eby, should it be necessary, must occur by May 25, 2021;
    - Any supplemental discovery must be completed by June 8, 2021; and
    - The dispositive motions deadline is continued to July 16, 2021.
    - All other deadlines and the trial date remain the same.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 13th day of April, 2021.

ROBERT J. BRYAN
United States District Judge